GERMANIA INS. CO. v. The LADY PIKE. See Case No. 7,985.

GERMANIA INS. CO. (TAYLOR v.). See Case No. 13,793.

GERMANIA INS. CO. (WEIDE v.). See Case No. 17,358.

GERMANIA LIFE INS. CO. (DORN v.). See Case No. 4,005.

---

## Case No. 5,362.

GERMAN SAVINGS & LOAN SOC. v. OULTON.

[1 Sawy. 695;[1] 14 Int. Rev. Rec. 138.]

Circuit Court, D. California. Sept. 18, 1871.

BANKS AND BANKING — SECTION 110, INTERNAL REVENUE ACT, CONSTRUED—CLASS OF DEPOSITS TAXABLE—CASE DISTINGUISHED.

1. The one hundred and tenth section of the revenue act of the United States, as amended on the thirteenth of July, 1866 [14 Stat. 136, 137], enacts that "there shall be levied, collected and paid a tax of one twenty-fourth of one per centum each month upon the average amount of the deposits of money, subject to payment by check or draft, or represented by

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

certificates of deposits or otherwise, whether payable on demand or at some future day, with any person, bank, association, company or corporation engaged in the business of banking," with a proviso that "deposits in associations or companies known as provident institutions, savings banks, savings funds or savings institutions, having no capital stock and doing no other business than receiving deposits to be loaned or invested for the sole benefit of the parties making such deposits, without profit or compensation to the association or company, shall be exempt from tax on so much of their deposits as they have invested in securities of the United States, and on all deposits less than five hundred dollars made in the name of any one person:" *Held*, that where in an action to recover back moneys, paid under protest for taxes, the plaintiff in his complaint negatives the existence of the conditions required in the general clause of this section, it is unnecessary for it also to bring itself by its allegations within the terms of the proviso.

[Cited in Oregon & W. Trust Inv. Co. v. Rathburn, Case No. 10,555.]
[See note at end of case.]

2. The deposits which are liable to taxation under the above section, are those which are in all cases subject to payment by check or draft, or otherwise; that is, the liability of payment to the depositor, on the part of the bank or banker, must be absolute and not contingent. The payment must be made under all circumstances, either on demand or at some definite period, and not be dependent upon the occurrence of losses, or the acquisition of profits, or any other event.

[See note at end of case.]

3. This case distinguished from the case of Bank of Savings v. The Collector, 3 Wall. [70 U. S.] 495.

This was an action brought by the plaintiff, a corporation created under the laws of California, against the defendant [George Oulton] collector of taxes of the United States for the first collection district of California, to recover taxes paid to him by the plaintiff under protest. The facts are sufficiently set forth in the opinion of the court.

L. D. Latimer, U. S. Dist. Atty., moved for judgment in favor of the defendants, on the pleadings.

Jarboe & Harrison, for plaintiff, opposed.

FIELD, Circuit Justice. The one hundred and tenth section of the revenue act of the United States, as amended on the thirteenth of July, 1866, enacts that "there shall be levied, collected and paid a tax of one twenty-fourth of one per centum each month upon the average amount of the deposits of money, subject to payment by check or draft, or represented by certificates of deposits or otherwise, whether payable on demand or at some future day, with any person, bank, association, company, or corporation engaged in the business of banking," with a proviso that "deposits in associations or companies known as provident institutions, savings banks, savings fund or savings institutions, having no capital stock and doing no other business than receiving deposits to be loaned or invested for the sole benefit of the parties making such deposits, without profit or compensation to the association or company, shall be exempt from tax on so

much of their deposits as they have invested in securities of the United States, and on all deposits less than five hundred dollars made in the name of any one person." 14 Stat. 136, 137.

The plaintiff, the German Savings and Loan Society, is a corporation created under a statute of California, for the purpose of aggregating the funds and savings of its members and others, and of preserving and safely investing the same for their common benefit. Its principal business consists in loaning at interest its own funds and moneys deposited with it for that purpose, upon certain specified securities; in collecting the interest on the loans when made, and the principal of the same, as they respectively become due; and in reinvesting the proceeds, or in applying them in payment of the depositors, or to the uses prescribed by the by-laws of the institution.

In 1870, and up to March of the present year, the defendant was collector of taxes of the United States for the first collection district of California, within which the plaintiff has its office and principal place of business; and as such officer he claimed that the plaintiff was liable, under the above section of the revenue act, as a corporation engaged in the business of banking, to a tax of one twenty-fourth of one per cent. each month on the average amount of moneys deposited with it during that period for loan and investment.

The plaintiff refused to pay the tax thus claimed on the moneys deposited for the months of August, September and October of the past year, and the collector accordingly, in February last, levied upon the property of the institution to enforce the payment, and was about to expose the property to sale, when the plaintiff paid the tax under protest. The present action is brought to recover back the money thus paid, amounting to upwards of twenty-six hundred dollars.

The district attorney moves for judgment in favor of defendant, upon the pleadings. The complaint negatives the existence of the conditions required in the general clause of the above section to authorize the imposition of the tax; but the district attorney contends that the plaintiff must also, in pleading, bring itself within the terms of the proviso to that section; and not having done so, that judgment must go against it upon its own allegations. This position is not tenable. The authority for the tax must be found in the general clause of the act. The proviso only excepts from the operation of that clause a case which would otherwise be covered by it. Its object is to limit, not to extend, the general clause. That clause declares that a tax shall be levied and collected upon deposits of money, payable in a specified way, made with any person, association or corporation engaged in the business of banking. The proviso excepts deposits thus designated when they are made with particular banking institutions, and are invested in securities of the United States, or when the deposits in the name of

one person amount to less than five hundred dollars.

If the plaintiff were within the terms of the general clause, and were exempt from taxation on its deposits only by virtue of the proviso, it would be obliged in its complaint to allege the facts creating the exemption; but as it denies that it is within the terms of the general clause, it is only necessary for it to make sufficient allegations to exclude itself from the operation of those terms.

The deposits which are liable to taxation are those which are subject to payment by check or draft, or those which are represented by certificates of deposit, or in some other form, payable either on demand or at some future day. The deposits must in all cases be subject to payment by check, draft or otherwise; and that means that the liability of payment to the depositor, on the part of the bank or banker, must be absolute and not contingent; that the payment must be made, under all circumstances, either on demand or at some definite period, and not be dependent upon the occurrence of losses, or the acquisition of profits, or any other event. The deposits must also be made with a person, bank, association or corporation engaged in the business of banking.

The seventy-ninth section of the revenue act, as amended in 1866, declares, "that every incorporated or other bank, and every person, firm or company, having a place of business where credits are opened by the deposit or collection of money or currency, subject to be paid or remitted upon draft, check or order, or where money is advanced or loaned on stocks, bonds, bullion, bills of exchange or promissory notes; or where stocks, bonds, bullion, bills of exchange or promissory notes are received for discount or for sale, shall be regarded as a bank or as a banker." 14 Stat. 115.

It will be here seen, also, that when credits are opened by deposit or collection of moneys, the deposits are subject to payment or remittance upon draft, check or order.

Banks are generally classed under one of three heads—namely, banks of deposit, banks of discount, and banks of circulation. The distinctive feature of the first class lies in their liability to repay the deposits made with them, either on demand or at some definite time. This absolute liability of repayment is expressed in the statutory definition already cited, and is recognized by all the text writers.

In the case of Bank of Savings v. The Collector, 3 Wall. [70 U. S.] 495, relied on by the district attorney, the bank could be required to make payments on four stated days in the year. It therefore held its deposits payable at some future day, and was thus brought within the very terms of the general clause of the section in question. The decision in that case was placed upon the express ground that the bank was under obligation to pay each depositor the amount de-

posited by him when demanded, agreeably to its by-laws and charter.

The complaint in this case alleges that the plaintiff has been, at all times since its incorporation, engaged solely in the business of receiving such moneys as were placed in its hands by persons doing business with it, lending and investing moneys upon mortgages on real estate, and applying the interest accruing from the investments. 1st. To the payment of the expenses of conducting the business of the corporation; 2d. To the creation of a reserve fund, for the security of those doing business with it; and 3d. To the payment of the remaining portions of the interest, pro rata, to such persons as had placed money with it for keeping and investment; and that all the moneys deposited with it have been so deposited upon an agreement that they shall be reimbursed to the depositor only out of the first disposable funds that shall come into the control of the corporation after demand for reimbursement, and after the payment of all sums for the reimbursement of which previous demands shall have been made; and that the depositors shall rely, for indemnification for any losses that may occur in the investment of their moneys, solely upon the guaranteed capital and reserve fund of the corporation.

It also alleges that the plaintiff has never been engaged in the business of banking, specifically designating the business, the transaction of which constitutes an institution a bank, within the definition contained in the seventy-ninth section of the act; and that it has never had or held on deposit any sum or sums of money whatsoever subject to payment by check or draft, or represented by certificates of deposit, or represented in any other manner than by the investments mentioned, or payable to any person or persons on demand, or in any other manner than as above stated.

If these allegations can be sustained by proper proof, the plaintiff will be entitled to recover; its appeal to the secretary of the treasury for relief against the amount of the tax having been duly taken, and an adverse decision having been rendered thereon within six months previous to the commencement of the action.

It follows that the motion for judgment in favor of the defendant on the pleadings, must be denied; and it is so ordered.

[NOTE. Leave was subsequently granted to the defendant to amend his answer, which he accordingly did. Evidence was taken, and the parties, having waived a jury, submitted the case law and fact to the determination of the court, and the court rendered a judgment in favor of plaintiff for the whole amount claimed in the declaration, whereupon the defendant sued out a writ of error. The judgment of the circuit court was reversed by the supreme court, Mr. Justice Clifford delivering the opinion. It was held that, as the managers of this institution had a place of business where credits were opened by deposits or collection of money or currency subsequently to be paid or remitted by check or draft or represented by certificates of deposit, it fell within the body of the section levying a tax upon banks, notwithstanding the fact that in this case the deposits were represented by a savings bank pass book furnished the depositor. The learned justice remarked that originally the business of banking consisted in receiving deposits of bullion, plate, and the like, to be withdrawn by the depositor at his pleasure, but in course of time the bankers have assumed to discount bills and notes, and to loan money upon mortgage and other security; and at a still later period to issue notes of their own, intended as a circulating currency or a medium of exchange. Modern bankers frequently exercise any two, or even three, of these functions; but it is still true that an institution is a bank, in the strictest commercial sense, although it may be prohibited from exercising more than one of those functions. As the bank in this instance had a capital stock, it did not fall within the proviso of the section, and the tax was legally assessed and collected. 17 Wall. (84 U. S.) 109.]