posited by him when demanded, agreeably to its by-laws and charter.

The complaint in this case alleges that the plaintiff has been, at all times since its incorporation, engaged solely in the business of receiving such moneys as were placed in its hands by persons doing business with it, lending and investing moneys upon mortgages on real estate, and applying the interest accruing from the investments. 1st. To the payment of the expenses of conducting the business of the corporation; 2d. To the creation of a reserve fund, for the security of those doing business with it; and 3d. To the payment of the remaining portions of the interest, pro rata, to such persons as had placed money with it for keeping and investment; and that all the moneys deposited with it have been so deposited upon an agreement that they shall be reimbursed to the depositor only out of the first disposable funds that shall come into the control of the corporation after demand for reimbursement, and after the payment of all sums for the reimbursement of which previous demands shall have been made; and that the depositors shall rely, for indemnification for any losses that may occur in the investment of their moneys, solely upon the guaranteed capital and reserve fund of the corporation.

It also alleges that the plaintiff has never been engaged in the business of banking, specifically designating the business, the transaction of which constitutes an institution a bank, within the definition contained in the seventy-ninth section of the act; and that it has never had or held on deposit any sum or sums of money whatsoever subject to payment by check or draft, or represented by certificates of deposit, or represented in any other manner than by the investments mentioned, or payable to any person or persons on demand, or in any other manner than as above stated.

If these allegations can be sustained by proper proof, the plaintiff will be entitled to recover; its appeal to the secretary of the treasury for relief against the amount of the tax having been duly taken, and an adverse decision having been rendered thereon within six months previous to the commencement of the action.

It follows that the motion for judgment in favor of the defendant on the pleadings, must be denied; and it is so ordered.

[NOTE. Leave was subsequently granted to the defendant to amend his answer, which he accordingly did. Evidence was taken, and the parties, having waived a jury, submitted the case law and fact to the determination of the court, and the court rendered a judgment in favor of plaintiff for the whole amount claimed in the declaration, whereupon the defendant sued out a writ of error. The judgment of the circuit court was reversed by the supreme court, Mr. Justice Clifford delivering the opinion. It was held that, as the managers of this institution had a place of business where credits were opened by deposits or collection of money or currency subsequently to be paid or remitted by check or draft or represented by certificates of deposit, it fell within the body of the section levying a tax upon banks, notwithstanding the fact that in this case the deposits were represented by a savings bank pass book furnished the depositor. The learned justice remarked that originally the business of banking consisted in receiving deposits of bullion, plate, and the like, to be withdrawn by the depositor at his pleasure, but in course of time the bankers have assumed to discount bills and notes, and to loan money upon mortgage and other security; and at a still later period to issue notes of their own, intended as a circulating currency or a medium of exchange. Modern bankers frequently exercise any two, or even three, of these functions; but it is still true that an institution is a bank, in the strictest commercial sense, although it may be prohibited from exercising more than one of those functions. As the bank in this instance had a capital stock, it did not fall within the proviso of the section, and the tax was legally assessed and collected. 17 Wall. (84 U. S.) 109.]

---

## Case No. 5,363.

### In re GERMAN SAV. BANK.

[The case reported under above title in 14 Int. Rev. Rec. 138, is the same as Case No. 5,-362.]

---

## Case No. 5,364.

### GERMAN SAV. BANK v. ARCHBOLD.

[15 Blatchf. 398;[1] 24 Int. Rev. Rec. 413.]

Circuit Court, S. D. New York. Dec. 11, 1878.[2]

BANKS AND BANKING—TAXATION—DEPOSITS EXCEEDING $2,000.

1. Under section 3408 of the Revised Statutes of the United States, which provides, that "the deposits in savings banks shall be exempt from tax * * * on all deposits not exceeding two thousand dollars, made in the name of any one person," such deposits are not exempt from tax on $2,000 of the deposits in the name of any one person, which exceed $2,000.

[See note at end of case.]

2. Under section 3176 of said Revised Statutes, an addition of 100 per cent. to the tax is authorized for an untrue return, although the return is not wilfully false.

3. The tax imposed by said section 3408 is a tax on the bank and not on the depositor, and is not subject to the objection that it is not a uniform tax, and so in violation of article 1, § 8, of the constitution of the United States.

[This was a suit by the German Savings Bank of New York City against Joseph Archbold, collector of internal revenue for the Southern district of New York.]

Lewis Sanders, for plaintiff.

E. B. Hill, Asst. Dist. Atty., for defendant.

SHIPMAN, District Judge. This is an action at law, which was submitted to the court upon an agreed statement of facts, a trial by jury having been waived, by written stipulation of the parties.

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

[2] [Reversed in 104 U. S. 708.]